# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MICKAIL THRASHER**                                                                    **PLAINTIFF**

**v.**                                          **No. 4:21-cv-877-JM**

**DASSAULT FALCON JET**                                                          **DEFENDANT**

## ORDER

Before the Court is Plaintiff Mickail Thrasher's motion to proceed *in forma pauperis* (IFP). (Doc. 1). "The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure that indigent persons will have equal access to the judicial system." *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (internal citations omitted). However, whether an applicant qualifies for IFP status is left to "the sound discretion of the trial court." *Id*. Thrasher's IFP application reflects that she earns $1,684.84 bi-weekly. (Doc. 1). While Thrasher has a number of fixed expenses and two dependents, her earnings do not entitle her to be treated as indigent and excused from paying the $402 filing fee. Thrasher's motion to proceed IFP is DENIED. (Doc. 1)

Regardless, Thrasher has failed to state a claim upon which relief can be granted. Thrasher brings this employment action under Title VII of the Civil Rights Act of 1964 alleging that she was moved to a new position, denied training for that position, and ultimately terminated. Thrasher indicates in the form Complaint it was because of her race. (Doc. 2). While this Court must review *pro se* complaints liberally, *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), Thrasher must at the very least allege some facts supporting her claim of racial discrimination. She does not meet this burden. When explaining her claims, Thrasher does not state what, if any suspect class she is a member. And none of her allegations assert that she was treated differently because of her race. In fact, she does not identify how other similarly situated employees were treated differently. As

pleaded, Thrasher's claims of racial discrimination and wrongful termination are conclusory.

The Complaint is dismissed for failing to state a claim upon which relief can be granted. The Court certifies that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED this 13th day of October, 2021.

_____
UNITED STATES DISTRICT JUDGE